[Civ. No. 17479.   Second Dist., Div. One.   Sept. 22, 1950.]

ROY TAYLOR, Appellant, v. SECURITY-FIRST NA-
TIONAL BANK OF LOS ANGELES (a National Bank-
ing Corporation), Respondent.

Arthur Garrett for Appellant.

Jennings & Belcher, Stevens Fargo and Louis E. Kearney
for Respondent.

DRAPEAU, J.—Furniture Workers Union No. 3161 had a checking account with the Vernon branch of the defendant bank. The treasurer of the union observed that the statement of account furnished by the bank was "over." It showed a credit to the union of $5,000 which was not due.

So the treasurer made out a check to the order of the bank for $5,000, and presented it to the president of the union for his signature. The president and the treasurer were authorized by the union to sign checks. On file with the bank was the usual signature card showing this authorization. And the treasurer had for a long time conducted the union's financial business with the bank.

After the president signed the check, the treasurer made the following notation upon its upper left-hand corner: "Payable cashier's check to Frank Abrams." He took the check to the bank and requested that a cashier's check be made out to his order. This was done. Then Mr. Abrams endorsed the cashier's check and deposited it in his own personal account in the same bank. He later withdrew and spent the money, "trying to act like a big shot."

When the $5,000 check was returned to the union, with the bank's monthly statement, Mr. Abrams with chemical ink remover obliterated the words "Payable cashier's check, etc." and wrote on the check instead: "refund to bank for error in credit to us."

In due time the defalcation came to light. Mr. Abrams was convicted of grand theft. His deposition was taken in the California Institution for Men at Chino.

This action was brought by the union against the bank for recovery of $5,000. Trial was by jury which, by direction of the court, rendered its verdict for defendant. The union appeals from the judgment which followed.

The essential inquiry, then, is whether there is any substantial evidence in the record supporting plaintiff's case.

Plaintiff called but one witness, the manager of the Vernon branch, and examined him under the provisions of section 2055 of the Code of Civil Procedure. Upon the identification of this witness, the following documentary evidence was received: Ledger cards of a savings account and a commercial account of the union with the bank; signature cards authorizing any two of the president, vice-president, and treasurer of the union to sign checks on these accounts; and several checks and deposit slips affecting the two accounts.

The witness also testified that the union had demanded payment of $5,000 which was refused.

From this testimony may be gleaned the circumstances which occasioned the $5,000 overage. A check was signed by the president and the treasurer, shifting $5,000 from the checking to the savings account. The bank charged this check to the commercial account, and by mistake on the same day credited it back to the same account.

It appears from the record that there is only one inference to be drawn from all of the testimony, and no substantial evidence to the contrary: that a duly accredited officer of the union withdrew the money; that the union proved no cause of action. Therefore, the trial court properly directed the verdict. (*Farmer* v. *Fairbanks*, 71 Cal.App.2d 70 [162 P.2d 26].)

The union complains of a number of rulings on questions of evidence. The most seriously argued of these stems from the following: On the back of the $5,000 check appears the endorsement: "Pay to the order of Security-First National Bank of Los Angeles, Furniture Workers Union, Local 3161."

The teller who made out the cashier's check testified that this endorsement was not on it when he received it. On cross-examination he said: "I don't believe I would have acted on the check if it had been endorsed on the back." This statement was stricken by the court, because it was not responsive to the question asked. The ruling was correct, because the answer was not responsive to the question.

And, in any event, assuming the endorsement to have been on the check when it was presented, the bank would have been fully authorized to issue its cashier's check for it upon request of the treasurer of the union. (*Union Bank & Trust Co.* v. *Security-First Nat. Bank,* 8 Cal.2d 303 [65 P.2d 355].)

Other rulings of the court, including those sustaining objections to questions intended to show that the bank knew that Mr. Abrams was indebted to it, that he was a man of small means and a manual worker, and would have no reason to receive $5,000 from the union, have been reviewed, and no error appears.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.